United States District Court
Southern District of Texas
**ENTERED**
January 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JAIME ISMAEL ROSILLO | § |
| | § |
| | § MISC. ACTION NO. 7:18-MC-1090 |
| VS. | § |
| | § |
| LORIE DAVIS | § |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, initiated this action by filing a self-styled "Motion for Bench Warrant." (Docket No. 1.) Because it appeared that Petitioner's motion sought habeas relief pursuant to 28 U.S.C. § 2254, Petitioner was ordered to either pay the $5 filing fee or submit a properly supported application to proceed in forma pauperis. (Docket No. 2.) Petitioner responded by writing a letter to the Court denying that he had filed the pending "Motion for Bench Warrant." (Docket No. 3.) Respondent has not made an appearance in this case. As discussed below, because it appears that Respondent will not be prejudiced by the dismissal, the undersigned recommends that Petitioner's action be dismissed.

### I. BACKGROUND

On June 21, 2016, Petitioner committed an aggravated robbery. About four months later, on October 28, 2016, Petitioner was sentenced to five years imprisonment in a "Hidalgo County Court House" for that offense.[1] (Docket No. 1.) On June 11, 2018 (approximately twenty (20) months later), Petitioner filed the pending "Motion for Bench Warrant." (*Id.*)

---

[1] In his "Motion for Bench Warrant," Petitioner erroneously states that he is in state custody on an immigration charge. (Docket No. 1, at 1 ("My charge is re-entering.").) However, on a subsequent letter to the Court, Petitioner acknowledges that he is in fact, "serving a five-year sentence for aggravated robbery." (Docket No. 3.)

In his motion, Petitioner appears to attack the execution of his sentence and requests "a motion for time served or a motion for bench warrant." (*Id.* at 1.) In light of this, the undersigned informed Petitioner that it appeared that he was attempting to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Docket No. 2.) As such, Petitioner was ordered to either pay the $5 filing fee or submit a properly supported application to proceed in forma pauperis. (*Id.*) As noted, Petitioner responded by writing a letter to the Court denying that he had filed the pending "Motion for Bench Warrant." (Docket No. 3.) He further intimated that he believed something had been mailed in his name by mistake. (*Id.*) Respondent has not made an appearance or responded in any way to Petitioner's action.

## II.  ANALYSIS

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). A request for voluntary dismissal is appropriate where the defendant will not be prejudiced by the dismissal. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("[I]n most cases a dismissal should be granted unless the defendant will suffer some legal harm."); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008) ("The purpose of Federal Rule 41(a) is to permit the plaintiff voluntarily to dismiss the action when no other party will be prejudiced."). In assessing prejudice to the defendant, the Fifth Circuit has identified as an important factor "the stage at which the [voluntary] motion to dismiss is made." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

Here, Petitioner denies filing the pending "Motion for Bench Warrant," denies knowledge of Respondent's identity, and states that "the paperwork [was sent] to the wrong

person." (Docket No. 3.) Notably, Petitioner has expressed no interest in pursuing this action. In addition, Respondent has not objected to this action being voluntarily dismissed. Because it appears that Respondent will not be prejudiced, Petitioner's action should be dismissed.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's "Motion for Bench Warrant" (Docket No. 1) be DENIED and that this action be DISMISSED without prejudice. It is further recommended that Movant be denied a certificate of appealability as unnecessary.[3]

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to counsel for the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

---

[2] Voluntary dismissals under Rule 41(a) are typically "without prejudice." *See* FED. R. CIV. P. 41(a)(1) and (2). The statute of limitations for a § 2254 habeas corpus motion is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, which establishes a one-year limitation period that typically runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1). Here, Petitioner would be unable to re-file his proposed § 2254 habeas action because it appears it would be time barred. Notwithstanding this result, dismissal is appropriate since it reflects Petitioner's clear intentions. (*See* Docket No. 3.)

[3] Because the denial of Movant's motion and dismissal of this action does not address the merits of his potential § 2254 habeas claims, it is not subject to the COA requirement. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (A COA is required for "final orders that *dispose of the merits* of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention.") (emphasis added).

DONE at McAllen, Texas on January 14, 2020.

                                           Peter E. Ormsby
                                    United States Magistrate Judge